IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Nicole Smith,<br>Plaintiff; | )<br>)<br>) |
| v. | ) Case No.: 4:03-CV-1727TCM<br>) |
| Planned Parenthood, et. al.,<br>Defendants. | )<br>)<br>) |

### MOTION TO RECONSIDER PLAINTIFF'S MOTION FOR LEAVE OF COURT TO ALLOW FILING DATE OF COMPLAINT AS NOVEMBER 26, 2003

Now comes Plaintiff, pursuant to Federal Rules of Civil Procedure 59, to move this Court reconsider (amend or alter) its denial of Plaintiff's previously filed Motion to allow that the filing date of Plaintiff's Complaint be November 26, 2003 (the date the Complaint was file-stamped with the Court). In support thereof Plaintiff states as follows:

1. This Court denied Plaintiff's Motion on December 30, 2003, without prejudice, noting that Plaintiff cited no authority for the proposition that the Court had discretion to allow relation back of the filing date when the Complaint was date stamped without filing fees attached. While no cases decided by the United States Court of Appeals for the 8th Circuit, or the District Court of Missouri, appear on point, several cases from other Federal Circuits and Districts appear which interpret Federal Rule of Civil Procedure 5(e), which is binding on this Court.

1

2. *Molina v. City of* Lancaster, 159 F. Supp.2d 813 (E.D.Pa. 2001), held that a litigant in a civil matter had "constructively filed" a Complaint when he had initially filed (on May 10, 2000) it with only $50 of the required $150 filing fee, for purposes of the statute of limitations. In Molina, the Clerk had filed the case as of June 2, 2000, when Plaintiff paid the additional $100, and the June 2, 2000 date was after the expiration of the statute of limitations period. Citing *McDowell v. Delaware State* Police, 88 F.3d 188, 191 (3d Cir. 1996), the Court in *Molina* held that "'although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the Plaintiff ultimately pays the filing fee....'" Id. At 819. In *McDowell*, the Court held that "the remittance of a filing fee is not jurisdictional, and that the clerk should have accepted McDowell's complaint despite his failure to submit a filing fee or request IFP status...Therefore, once the filing fee requirement is satisfied...the filing date will relate back to the date on which the clerk received plaintiff's papers." Id., at 191. *McDowell* and *Molina* stand for the proposition that FRCP 5(e)-- which states that "the filing of papers with the court as required by these rules shall be made by filing them with the clerk of court..." who "shall not refuse to accept for filing any paper presented for

that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices" and makes no mention of payment of fees being jurisdictional—gives federal courts, including this Court, the discretion to relate the filing date of Plaintiff Smith's complaint back to November 26, 2003 for statute of limitations purposes. *See also Rodgers ex rel. Jones v. Bowen*, 790 F2d 1550 (11th Cir. 1986); *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544 (5th Cir. 1978).

3. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98 (5th Cir. 1995) states: "Rule 5(e) on its face mandates that the clerk accept pleadings for filing even when the pleading technically does not conform with form requirements of the Federal Rules of Civil Procedure or local rules. Rule 5(e), by using the word "shall," removes from the clerk of Court any discretion in the decision to accept a technically deficient pleading." Id. At 101. A footnote to this case considers filing fees included in this category.

4. In the instant case, in light of FRCP 5(e), the clerk had no authority to refuse to file Plaintiff Smith's complaint on November 26, 2003.

5. After Plaintiff file-stamped the Complaint on November 26, 2003, with the United States District Court, Eastern District of Missouri, Counsel paid the fees due on December 2, 2003 upon being so notified, but was told that the filing date would be December 2,

2003. November 26, 2003, is the last day for filing Plaintiff's Complaint, as the original action, styled as Case No.: 4:01CV01574CAS, was voluntarily dismissed without prejudice on November 26, 2002 (allowing one year for refiling). The instant case, a refiling of Case No.: 4:01CV01574CAS, must bear a filing date of November 26, 2003, or else it would violate the statute of limitations.

6. The failure to attach a check to the complaint on November 26, 2003, is a ministerial rather than a substantive error, was quickly corrected, and allowing a filing date of November 26, 2003 would not prejudice any party, whereas refusing to allow said date for filing would cause Plaintiff's action to expire, would deprive Plaintiff of her ability to adjudicate her claim, and thus would cause irreparable harm to Plaintiff.

For the foregoing reasons, Plaintiff asks this Court to reconsider its decision and allow that her Complaint be filed as of November 26, 2003.

By _____
Jason R. Craddock
Attorney for Plaintiff
1808 S. 5th
Springfield, Ill. 62703
(217) 523-1834
Fax: (217) 744-2043

Service has not yet been effected upon Defendants in this action.