UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE SMITH,                )<br>                              )<br>    Plaintiff,              )<br>                              )<br>    v.                        )    No. 4:03-CV-1727 CAS<br>                              )<br>PLANNED PARENTHOOD OF THE     )<br>ST. LOUIS REGION, et al.,     )<br>                              )<br>    Defendants.               ) | |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on plaintiff's Motion to Reconsider Motion for Leave of Court to Allow Filing Date of Complaint as November 26, 2003, and Motion for Extension of Time to File Affidavit and Physician's Report. For the following reasons, the Court will grant plaintiff's motion to reconsider and deny plaintiff's motion for extension of time without prejudice. The Court will also order plaintiff to promptly serve copies of the summons and complaint upon the defendants.

**Background**.

This action was originally filed in this Court in October 2001, captioned Smith v. Planned Parenthood of the St. Louis Region, et al., Case No. 4:01-CV-1574 CAS. On motion of the plaintiff, the case was voluntarily dismissed without prejudice on November 26, 2002.

On November 26, 2003, plaintiff placed the date-stamped complaint in the instant action in the Court's drop box, but did not include a check for the filing fee. Plaintiff subsequently paid the filing fee on December 2, 2003, and the Clerk of the Court filed her complaint as of that date. Local Rule 2.01(B) of this Court provides:

> Fees required by law in connection with the institution or prosecution of an action in this court shall be collected in advance by the clerk of the court and deposited in accordance with the directives of the Administrative Office of the United States Courts, except when, by order of the Court in a specific case, filing in forma pauperis is permitted pursuant to 28 U.S.C. § 1915. The clerk may refuse to receive and file any pleading or document in any case until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis.

Plaintiff asks the Court to have the date of filing relate back to November 26, 2003, as her complaint would otherwise be untimely.[1] The Court previously denied without prejudice plaintiff's motion to have the date of filing relate back to November 26, 2003, because plaintiff did not cite authority in support of her motion to establish that the Court had discretion to consider her request. Plaintiff has now submitted a motion to reconsider, which remedies the defects in her prior motion.

**Motion to Reconsider**.

Plaintiff states that under precedent from other circuits, remittance of a filing fee at the time a complaint is filed is not jurisdictional, and once the filing fee requirement is satisfied the filing date will relate back to the date on which the clerk of the court received the plaintiff's papers. Plaintiff cites, inter alia, McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996), McClellon v. Lone Star Gas Company, 66 F.3d 98 (5th Cir. 1995), and Rodgers ex rel. Jones v. Bowen, 790 F.2d 1550 (11th Cir. 1986).

---

[1] Missouri's savings statute, Mo. Rev. Stat. § 516.230 (2000), affords plaintiffs a one-year grace period in which to commence a new action if a previously filed, timely lawsuit results in a nonsuit. The term "nonsuit" as used in the statute includes a voluntary dismissal without prejudice by the plaintiff. Garoutte v. Farmers Mut. Ins. Co. of Lawrence County, 823 S.W.2d 526, 530 (Mo. App. S. D. 1992). Because this is a diversity case, Missouri's savings statute is applicable and operates to extend the statute of limitations for a period of one year following the voluntary dismissal of plaintiff's first action.

In McClellon, the Fifth Circuit stated, "Rule 5(e) [of the Federal Rules of Civil Procedure] on its face mandates that the clerk accept pleadings for filing even when the pleading technically does not conform with form requirements of the Federal Rules of Civil Procedure or local rules. Rule 5(e), by using the word 'shall,' removes from the clerk of court any discretion in the decision to accept a technically deficient pleading." 66 F.3d at 101. The Fifth Circuit relied in part on Gilardi v. Schroeder, 833 F.2d 1226, 1233 (7th Cir. 1987), which held that the clerk of court erroneously rejected a complaint filed with an application for in forma pauperis status, rather than the filing fee. The Seventh Circuit stated that the complaint was regarded as "filed" for limitations purposes when placed in the custody of the clerk, although it failed to comply with form requirements. McClellon, 66 F.3d at 101, n.1.

Plaintiff asserts that in light of Rule 5(e), the Clerk of the Court had no authority to refuse to file her complaint on November 26, 2003, when she filed-stamped the complaint and placed it in the Court drop box. Plaintiff asserts that her failure to attach the filing fee to the complaint was a ministerial rather than substantive error, and was quickly corrected. Plaintiff states that allowing the filing date to relate back to November 26, 2003 would not prejudice any party, but refusing to do so would "cause plaintiff's action to expire, would deprive Plaintiff of her ability to adjudicate her claim, and thus would cause irreparable harm to Plaintiff." Pl.'s Mot. to Reconsider at 4.[2]

The general rule is that remittance of a filing fee, although derived from a federal statute and sometimes from local rules, is not jurisdictional and the clerk should accept a complaint despite the plaintiff's failure to submit a filing fee or to request IFP status. See Casanova v. Dubois, 304 F.3d

---

[2]There is no opposition memorandum because plaintiff has not yet served the defendants with summons and complaint. The issue of service will be discussed infra.

75, 80 (1st Cir. 2002) ("The advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit;" inmates' complaint was timely filed when placed in prison mail system, although not accompanied by IFP application or filing fee); McDowell, 88 F.3d at 191 (pro se litigant's complaint was filed for statute of limitations purposes when it was filed with the clerk, even though the filing fee was not paid until fourteen months later); Robinson v. Doe, 272 F.3d 921, 922-23 (7th Cir. 2001) (pro se prisoner's § 1983 action was filed for statute of limitations purposes when the complaint was received by the court clerk even though the complaint was not accompanied by a filing fee or motion to proceed IFP, in violation of local rules), cert. denied, 535 U.S. 1084 (2002); Cintron v. Union Pacific Railroad Co., 813 F.2d 917 (9th Cir. 1987) (filing fee prescribed by 28 U.S.C. § 1914 does not rise to the level of a jurisdictional requirement; where complaint was filed before statute of limitations expired but was returned for failure to comply with local rules and to pay correct filing fee, the case should not have been dismissed as untimely where the correct fee was paid promptly but after the statute of limitations had run); Rodgers, 790 F.2d at 1551-52 (complaint is deemed "filed" for statute of limitations purposes when actually or constructively received by the court clerk, despite untimely payment of the filing fee; plaintiff's social security appeal was filed when she filed it with the clerk, although her IFP application was subsequently denied and the filing fee was not paid until after the limitations period ran); Wrenn v. American Cast Iron Pipe Co., 575 F.2d 544, 547 (5th Cir. 1978) (untimely payment of the filing fee does not vitiate the validity of a timely filed complaint; district court erred in dismissing pro se plaintiff's Title VII case when he failed to pay the filing fee within the time ordered); see also Molina v. City of Lancaster, 159 F.Supp.2d. 813, 819 (E.D. Pa. 2001) (pro se litigant in civil matter "constructively filed" his complaint for statute of limitations purposes when he initially filed it with only a portion of the required filing fee and did not

submit the remainder of the fee until after the limitations period ran); Wells v. Apfel, 103 F.Supp.2d 893, 897-99 (W.D. Va. 2000) (complaint is considered filed for statute of limitations purposes as of date of its receipt, but will not be docketed and summons will not issue until the appropriate fee is paid).

It appears the Eighth Circuit follows the general rule that payment of the filing fee is not jurisdictional. In Garrett v. Clarke, 147 F.3d 745, 746 (8th Cir. 1998), the Eighth Circuit held that a prisoner's civil complaint presented to the district court clerk before the applicable statute of limitations ran was timely even though the complaint lacked a prison account statement at the time it was originally submitted, as required by the Prison Litigation Reform Act, and a copy of the complaint accompanied by a certified prison account statement was not filed until after the limitations period expired. The Court stated, "For purposes of the statute of limitations, the filing of a complaint commences a federal cause of action." Id. (citing Rule 3, Fed. R. Civ. P., and Lyons v. Goodson, 787 F.2d 411, 412 (8th Cir. 1986) (per curiam) (for purposes of statute of limitation, a complaint is "filed" when it is lodged with the court even though it is technically deficient under the local rules)).[3]

This Court has found no decisions holding that the filing fee requirement of 28 U.S.C. § 1914 is jurisdictional. The Supreme Court has held with respect to 28 U.S.C. § 1917 that untimely payment of a filing fee does not vitiate the validity of a notice of appeal. Parissi v. Telechron, Inc.,

---

[3]But cf. Brooks v. Special Sch. Dist. of St. Louis County, 129 F.3d 121, 1997 WL 633107, *1 (8th Cir. 1997) (unpublished per curiam), in which the Eighth Circuit affirmed dismissal of a Title VII complaint without prejudice for failure to pay the filing fee where plaintiff's check for the filing fee was returned for insufficient funds, the clerk sent a letter telling plaintiff it was "imperative" that the check be "covered immediately," and plaintiff had failed to pay the filing fee four months later. The Court stated, "Payment of a filing fee is mandatory for a party instituting a civil action. See 28 U.S.C. § 1914 (1994)."

5

349 U.S. 46 (1955) (per curiam). Several circuits have relied on the Parissi decision to conclude there is no distinction between § 1917 and 28 U.S.C. § 1914, which requires a filing fee for complaints. See Rodgers, 790 F.2d at 1551-52; Wrenn, 575 F.2d at 547; see also Casanova, 340 F.3d at 80 n.7 (citing Wrenn with approval); but see Keith v. Heckler, 603 F. Supp. 150, 155-56 (E.D. Va. 1985) (distinguishing Parissi and relying on local rule to conclude that prepayment of filing fee was required before a complaint could be considered "filed").

Based on the foregoing authority, the Court concludes that plaintiff's complaint was "filed" for purposes of the statute of limitations on November 26, 2003, when it was placed in the Court's drop box and thereby lodged with the Clerk. The Court does not imply that litigants may feel free to file complaints unaccompanied by the filing fee or an IFP application. The Clerk of the Court did not err in refusing to file the complaint until plaintiff paid the filing fee. See 28 U.S.C. § 1914; Local Rule 2.01(B). Although the filing fee is mandatory, 28 U.S.C. § 1914, the filing date for purposes of the statute of limitations is the date on which the complaint was lodged with the Clerk of the Court, assuming the filing fee is subsequently paid as directed by the Clerk or ordered by the Court. Here, plaintiff promptly paid the filing fee after being directed to do so by the Clerk.

For these reasons, the Court will grant plaintiff's motion to reconsider and will direct the Clerk to modify the official Court docket to reflect that the complaint was filed in this matter on November 26, 2003.

**Service of Summons and Complaint**.

Plaintiff has not yet requested issuance of summons in this case. Rule 4(m) of the Federal Rules of Civil Procedure states in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff will be granted until June 18, 2004 to serve defendants and file proof of such service. Failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure and this order will result in dismissal without prejudice of the claims against any unserved defendants.

The Court also notes that plaintiff has sued fictitious parties. In general, it is impermissible to name fictitious parties as defendants. Phelps v. U.S. Federal Government, 15 F.3d 735 (8th Cir.), cert. denied, 511 U.S. 1114 (1994). "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (quoting Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)). "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court." Id. In such a case, rather then dismissing a claim, a court should order the disclosure of the fictitious party's identity by other defendants named and served, or permit the plaintiff to identify the person through discovery. Munz, 758 F.2d at 1257.

In this case, the complaint assert claims against two named defendants and "Fictitious Parties A through M." The complaint describes Fictitious Parties A through M as "those persons and/or entities who committed and/or are responsible for the wrongful acts described in this Complaint." Complaint at 2, ¶ 3. The complaint makes specific reference to one or more unnamed Planned

7

Parenthood physicians, an "agent" of Planned Parenthood named S. Conway-D'Souza, and one or more unidentified "agents" of Planned Parenthood.

The Court concludes the complaint's allegations against the physicians and S. Conway-D'Souza are specific enough to permit their identity to be ascertained after reasonable discovery. It is less clear whether plaintiff's allegations against the unnamed "agents" are specific enough to permit their identities to be ascertained, but the Court will permit plaintiff to attempt to identify them through discovery rather than dismissing those claims at this time. Plaintiff should promptly seek leave of Court to amend her complaint after ascertaining the identity of the unknown defendants.

**Motion for Extension of Time**.

Plaintiff moves for additional time in which to file an attorney affidavit and physician's report required under Missouri law to accompany complaints for medical malpractice. This motion should be denied without prejudice for two reasons, each of which is a sufficient basis for denial of the motion.

First, the motion does not include a representation of the filing attorney's signature, as required by Section II.G. of the Administrative Procedures for Case Management/Electronic Case Filing of the United States District Court for the Eastern District of Missouri. All documents filed electronically must include a representation of the filing attorney's signature. Id.

Second, the motion does not comply with Local Rule 4.01(A) of the Eastern District of Missouri, which provides:

> The moving party shall file with each motion a memorandum in support of the motion, including citations of any authorities on which the party relies. If the motion requires consideration of facts not appearing in the record, the party also shall file all documentary evidence relied on.

E.D.Mo. L.R. 4.01(A). In this case, plaintiff has failed to file a memorandum in support of her motion. Further, although plaintiff states in her motion why she needs additional time to file the affidavit and report, she does not cite the relevant Missouri statute nor does she provide the Court with any legal authority establishing the Court's authority to grant such a motion, or the standard to be applied to such a request. Counsel is advised that the Court will routinely deny any future motion filed without an adequate memorandum in support, including citation to legal authority.

For these reasons, the Court will deny plaintiff's motion for extension of time to file affidavit and physician's report without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Reconsider Plaintiff's Motion for Leave of Court to Allow Filing Date of Complaint as November 26, 2003 is **GRANTED**. [Doc. 8]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall modify the official Court docket to reflect that this case was filed on November 26, 2003.

**IT IS FURTHER ORDERED** that plaintiff shall file proof of service upon defendants no later than **June 18, 2004**. Plaintiff shall promptly seek to ascertain the identity of the fictitious party defendants through discovery and move for leave to amend her complaint to identify these persons.

**Failure to comply timely with this order will result in dismissal without prejudice of plaintiff's claims against any unserved defendants**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file affidavit and physician's report is **DENIED** without prejudice. [Doc. 9]

/s/ Charles A. Shaw
_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of March, 2004.