UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:03-CV-1727 CAS |
| ) | |
| PLANNED PARENTHOOD OF THE ) | |
| ST. LOUIS REGION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Planned Parenthood of the St. Louis Region's motion to dismiss remaining Counts IV and V of the Amended Complaint for failure to state a claim upon which relief can be granted, or in the alternative, for failure to prosecute. Plaintiff opposes the motion and moves to reopen discovery. Defendant opposes the reopening of discovery. For the following reasons, the Court will grant defendant's motion to dismiss for failure to state a claim, and in the alternative will grant defendant's motion to dismiss for failure to prosecute and deny plaintiff's motion to reopen discovery.

**Background**.

This action was originally filed in this Court in October 2001, captioned Smith v. Planned Parenthood of the St. Louis Region, et al., Case No. 4:01-CV-1574 CAS. On motion of the plaintiff, the case was voluntarily dismissed without prejudice on November 26, 2002. Plaintiff refiled the action one year later on November 26, 2003. On May 31, 2005, the Court dismissed Counts I, II and III of plaintiff's Amended Complaint, which asserted state law claims for medical malpractice, fraud and deceptive trade practices, and wrongful death. The remaining claims in the Amended Complaint

are Count IV, which asserts a claim of civil rights violations under 42 U.S.C. § 1981, and Count V, which asserts a civil rights conspiracy claim under 42 U.S.C. § 1985. Defendant asserts that Count IV fails to state a claim upon which relief can be granted because it fails to allege that any of plaintiff's rights protected by Section 1981 were violated. Defendant asserts that Count V fails to state a claim upon which relief can be granted because it contains no facts to support a finding that defendant conspired to violate any of plaintiff's protected rights under Section 1985.

**Legal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003).

"At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (quoting Springdale, 133 F.3d at 651). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

2

**Discussion**.

    **A. 42 U.S.C. § 1981**.

Count IV of the Amended Complaint alleges that defendant violated plaintiff's rights under 42 U.S.C. § 1981. Count IV incorporates prior allegations of the complaint and alleges that defendant:

> 53. [E]ngaged in a pattern of racial and economic discrimination and even genocide by advising, admonishing, encouraging, defrauding and pressuring Plaintiff, an African American woman, of very simple means financially, to abort her child, even by lowering the price of the abortion to entice her to consent to having it performed despite her expressed and evident ambivalence, and by refusing to remove the laminaria from her body upon request.[1]
>
> 54. Defendant has a long history of intentionally targeting and encouraging lower income persons and those of minority races and ethnic groups, to have abortions, sterilization, and to use contraception, in order to lower the populations of said groups.
>
> 55. Due to said efforts and intent of Defendant to lower the populations of lower income and minority groups, the populations of the African American, Hispanic and American Indian peoples have declined sharply over the past three decades.
>
> 56. Such acts of the Defendant reflect an intent on its part to commit genocide against Plaintiff and other African Americans, persons of lower socioeconomic status, and other minority groups, and to deprive them of their fundamental right to bear children, in violation of 42 U.S.C. Section 1981.

Amended Complaint at 10-11.

Defendant moves for dismissal, asserting that plaintiff does not allege that any of the rights guaranteed to her by Section 1981 have been violated, and that plaintiff does not plead any facts to indicate that defendant's alleged acts were motivated by racial animus. Defendant asserts that even

---

[1] As the Court has previously noted, a laminaria is a "[s]terile rod made of kelp (genus *Laminaria*) which is hydrophilic, and, when placed in the cervical canal, absorbs moisture, swells, and gradually dilates the cervix." Stedman's Medical Dictionary 964 (27th ed. 2000). See Memorandum and Order of November 23, 2004, at 2 n.1

if the "outrageous allegations" of the complaint were true, none of them relate to the specifically enumerated rights protected under Section 1981.

"The purpose of 42 U.S.C. § 1981 is to prohibit discrimination in the 'performance, modification and termination of contracts' and to protect 'the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.' 42 U.S.C. § 1981(b)." Williams v. Lindenwood Univ., 288 F.3d 349, 355 (8th Cir. 2002). "To establish a prima facie claim of racial discrimination under 42 U.S.C. § 1981, the plaintiff must show that (1) he is a member of a racial minority, (2) the defendant intended to discriminate against him on the basis of race, and (3) the discrimination concerned an area enumerated by the statute." Id. (citations omitted). Allegations that the defendant's acts were purposefully discriminatory and racially motivated are essential to an action under Section 1981. Alberto v. Carovano, 851 F.2d 561, 572-73 (2d Cir. 1988) (citing General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982), and Zemsky v. City of New York, 821 F.2d 148, 150 (2d Cir.), cert. denied, 484 U.S. 965 (1987)).

Thus, defendant's motion to dismiss primarily concerns the third element of the prima facie case, that the discrimination concerned an area enumerated by the statute. Defendant contends that plaintiff's claim does not involve a contractual relationship and therefore is outside the scope of the statute. Defendant also asserts that plaintiff fails to plead any facts to indicate that its alleged acts were motivated by racial animus, which concerns the second element of the prima facie case

"Section 1981 provides that all persons shall have the same right to 'make and enforce contracts.' See 42 U.S.C. § 1981(a). In 1991, Congress expanded the scope of Section 1981 to include the right to 'the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.' See 42 U.S.C. § 1981(b)." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851,

4

854 (8th Cir. 2001), cert. denied, 535 U.S. 1017 (2002). This expansion of the definition of "make and enforce contracts" in section 1981 "extends the reach of the statute to situations beyond the four corners of a particular contract; the extension applies to those situations in which a merchant, acting out of racial animus, impedes a customer's ability to enter into, or enjoy the benefits of, a contractual relationship." Garrett v. Tandy Corp., 295 F.3d 94, 100 (1st Cir. 2002).

"[I]n order to satisfy the foundational pleading requirements for a suit under section 1981, a retail customer must allege that he was actually denied the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus." Id. at 100-01 (citing Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 752 (5th Cir. 2001); Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1118 (10th Cir. 2001); and Morris v. Office Max, Inc., 89 F.3d 411, 414 (7th Cir. 1996)).[2]

In Youngblood, a retail-sale case, the Eighth Circuit held that where the plaintiff's contractual relationship with the defendant had ended at the time the defendant's discriminatory conduct occurred, plaintiff had no cause of action under Section 1981. 266 F.3d at 854. The Court stated, "Section 1981 does not provide a general cause of action for race discrimination if in fact it occurred. The requirement remains that a plaintiff must point to some contractual relationship in order to bring a claim under Section 1981." Id. at 855.

In pertinent part, the Amended Complaint concedes that defendant did not refuse plaintiff admittance or service, and instead asserts that defendant urged her to accept its services, at a reduced

---

[2]In citing retail sales cases, the Court does not equate plaintiff's contract with defendant to obtain an abortion with the purchase and sale of consumer goods. Nonetheless, the retail sales cases are more analogous to plaintiff's case than are the more common Section 1981 cases arising out of discrimination in employment or housing. See Morris, 89 F.3d at 413 ("Litigation involving § 1981 most commonly involves the right to make and enforce contracts of employment.")

5

price, in order to induce her to have an abortion because she is an African-American. Such an allegation cannot form the basis of a contract claim under Section 1981 because it does not establish the third element of the prima facie case. Plaintiff cannot point to specific facts showing that defendant deprived her of the right to make, enforce, or enjoy the benefits of a contract. She was not denied admittance to or service at defendant's facility, nor was she asked to leave. See Robertson v. Burger King, Inc., 848 F. Supp. 78, 81 (E.D. La. 1994) (dismissing claim where "plaintiff was not denied admittance or service"); Stearnes v. Baur's Opera House, Inc., 788 F. Supp. 375, 378 (C.D. Ill. 1992) (granting summary judgment against African-American patron of dance bar who failed to provide any evidence that the manager "refused Plaintiff admittance to the bar or service while he was there"); cf. Watson v. Fraternal Order of Eagles, 915 F.2d 235, 243 (6th Cir. 1990) (allegations by African-American guests at party held in fraternal club that club asked them to leave in order to avoid having to sell them soft drinks stated actionable claim under § 1981). This aspect of Count IV therefore fails to state a claim under Section 1981.

Plaintiff's assertion that defendant refused to remove the laminaria after the abortion procedure had begun could be liberally construed as an allegation that plaintiff was deprived of the right to terminate the contract to undergo an abortion. However, plaintiff's conclusory assertions that defendant refused to remove the laminaria in order to "engage[] in a pattern of racial and economic discrimination and even genocide" are not facts tending to establish that defendant's refusal to act was motivated by racial animus. The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). Cf. Albert, 851 F.2d

6

at 572 ("naked assertion" that college selectively enforced its rules against plaintiffs "because they are black [or] Latin" was too conclusory to survive motion to dismiss).

For these reasons, the Court concludes that plaintiff has failed to state a claim under Section 1981 in Count IV and this aspect of defendant's motion to dismiss should be granted.

**B.  Conspiracy Claim -- 42 U.S.C. § 1985**.

Count V of the Amended Complaint alleges that defendant violated plaintiff's rights under 42 U.S.C. § 1985.  Count V incorporates prior allegations of the complaint and states:

> 58.  Such acts of [sic] the part of Defendant reflect an intent on its part to commit genocide against Plaintiff and other African Americans, persons of lower socioeconomic status, and other minority groups, and to deprive them of their fundamental right to bear children, in violation of 42 USC Section 1985.

Amended Complaint at 11.

Defendant moves to dismiss Count V on the basis that plaintiff fails to allege any facts showing that it engaged in a conspiracy to violate her rights under Section 1985.  Plaintiff does not specify which subsection of Section 1985 forms the basis for her claim. Section 1985 prohibits five different kinds of conspiracies:

> (1) conspiracies to interfere with the performance of official duties by federal officers (§ 1985(1)); (2) conspiracies to interfere with the administration of justice in federal courts (first clause of § 1985(2)); (3) conspiracies to interfere with the administration of justice in state courts (second clause of § 1985(2)); (4) private conspiracies to deny any person the enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws" (first clause of § 1985(3)); and (5) conspiracies to interfere with the right to support candidates in federal elections (second clause of § 1985(3)).

Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1429 (8th Cir. 1986) (citing Kush v. Rutledge, 460 U.S. 719, 724 (1983)).

Three of the five categories--the first, second and fifth--relate to federal institutions and processes. The third category relates to the administration of justice in state courts. Because plaintiff has alleged no federal involvement with the conspiracy, and no claim regarding the state courts, her claim under section 1985 must fall within the fourth category--the first clause of Section 1985(3). The Eighth Circuit has recently discussed the elements necessary to establish a civil rights conspiracy under 42 U.S.C. § 1985(3). A plaintiff must establish that:

> (1) the defendants conspired, (2) with the intent to deprive them, either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) that they or their property were injured, or they were deprived of exercising any right or privilege of a citizen of the United States.

Barstad v. Murray County, __ F.3d __, No. 04-2707, slip op. at 9, 2005 WL 2044820 (8th Cir. Aug. 26, 2005).

In this case, plaintiff fails to plead the first prong, the existence of a conspiracy. "A conspiracy claim requires evidence of specific facts that show a 'meeting of the minds' among conspirators." Barstad, id. (citing Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988)). "A meeting of the minds requires at least two persons." Id. (citing Rotermund v. U. S. Steel Corp., 474 F.2d 1139, 1145 (8th Cir. 1973)). Plaintiff pleads that defendant is a corporation. Amended Complaint, ¶ 3. "Because a corporation and its agents are a single person in the eyes of the law, a corporation cannot conspire with itself." Barstad, id. (citing Cross v. General Motors Corp., 721 F.2d 1152, 1156 (8th Cir. 1983)). Because plaintiff did not plead any facts showing a meeting of the minds among conspirators, she fails to allege the existence of a conspiracy. Defendant's motion to dismiss Count V should therefore be granted.

**C. Failure to Prosecute**.

In the alternative, the Court concludes that defendant's motion to dismiss Counts IV and V for failure to prosecute should be granted. As noted above, this case was originally filed in 2001, voluntarily dismissed, and refiled in 2003. The Case Management Order issued on September 16, 2004 established a discovery completion date of July 1, 2005. Defendant asserts, and plaintiff does not contest, that plaintiff has not conducted any discovery in this case, or when it was previously on file. Plaintiff instead moves the Court to reopen discovery.

Local Rule 8.01 states, "If a civil case has been pending for six (6) months without any action, the Court may order the appropriate party to show cause why its claims should not be dismissed for failure to prosecute. Absent a showing of good cause, the Court may dismiss the claims with or without prejudice." E.D. Mo. L. R. 8.01.

Plaintiff offers a litany of woes occurring to her attorney since April 2005 to explain the failure to prosecute this case: hospitalization, multiple automobile accidents, and change of employer and office location.[3] Plaintiff also asserts that her attorney was spending his time attempting to find substitute counsel to take over the case and to locate an expert witness.[4] This does not explain, however, plaintiff's failure to conduct any discovery prior to April 2005, or why plaintiff did not seek additional time to conduct discovery until two months after the discovery deadline passed and one month after defendant filed its motion to dismiss for failure to prosecute.

---

[3]None of these assertions are supported by an affidavit or other evidence.

[4]In a related vein, in the Memorandum and Order of November 23, 2004, the Court stated that plaintiff's counsel's expressed desire to withdraw from this case did not constitute good cause for a grant of additional time to obtain the affidavit of a health care provider as required by Mo. Rev. Stat. § 538.225 (2000). See Memorandum and Order of Nov. 23, 2004, at 14.

The Court finds that plaintiff has failed to show good cause for her failure to prosecute this case. Accordingly, defendant's alternative motion to dismiss for failure to prosecute should be granted and plaintiff's motion to reopen discovery denied.

**Conclusion**.

For the foregoing reasons, defendant's motion to dismiss plaintiff's claims under 42 U.S.C. § 1981 in Count IV and under 42 U.S.C. § 1985(3) in Count V for failure to state a claim should be granted. In the alterative, defendant's motion to dismiss for failure to prosecute should be granted and plaintiff's motion to reopen discovery should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Planned Parenthood of the St. Louis Region's motion to dismiss remaining Counts IV and V of the Amended Complaint for failure to state a claim upon which relief can be granted is **GRANTED**. [Doc. 41]

In the alternative, **IT IS FURTHER ORDERED** that defendant Planned Parenthood of the St. Louis Region's motion to dismiss for failure to prosecute is **GRANTED** [Doc. 41], and plaintiff's motion to reopen discovery is **DENIED**. [Doc. 43]

An appropriate order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of September, 2005.