IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **NICOLE SMITH,** | ) | |
| Plaintiff; | ) | |
| | ) | |
| v. | ) | Case No. 4:03-CV-1727-CAS |
| | ) | PLAINTIFFS DEMAND TRIAL |
| **PLANNED PARENTHOOD OF** | ) | BY JURY |
| **THE ST. LOUIS REGION, et.al.** | ) | |
| Defendant. | ) | |

**MOTION TO RECONSIDER**

COMES NOW Plaintiff, by her attorney, Jason R. Craddock, and moving this Court to reconsider its dismissal of Count IV of her Amended Complaint and denial of her motion to reopen discovery, states as follows:

1. Plaintiff does not seek reconsideration of the dismissal of Count V.

2. The Court did not follow Federal Rule of Civil Procedure 8(a) in dismissing Count IV as failing to allege *facts* showing the racial animus she alleged on the part of Defendant. *Only notice pleading, rather than fact pleading, is required in federal court.* Fed. R. Civ. Proc. 8(a); <u>Early v. Bankers Life and Casualty Co.</u>, 959 F.2d 75, 79 (7th Cir. 1992) ("The Federal Rules ... do not require fact pleading").

3. Though not required to do so, Plaintiff *did* allege facts demonstrating that racial animus on the part of Defendant motivated its actions in pressuring Plaintiff to contract with

1

    Defendant to undergo an abortion (such pressure including a refusal to show Plaintiff an ultrasound of her child, and not screening Plaintiff for risk factors), and in refusing to allow Defendant to terminate the contract (by having the laminaria removed the night she requested such). The facts alleged were circumstantial: Planned Parenthood's history of providing "services" in a manner that reduces the population of certain races, motivated by racial animus. The Amended Complaint, Count IV, alleges that Defendant's actions against Plaintiff were part of the pattern of such history. The Court may look to "circumstantial and direct evidence of intent as may be available," (including "the impact of the challenged action" and "its historical background") to which Plaintiff alluded in this count. <u>MacDonald v. Ferguson Reoganized School Dist. R-2</u>, 530 F.Supp 469, 475-76. (ED Mo. 1981).

4. The Court also misread Plaintiff's reasons for missing the discovery cutoff date, and failing to request additional time for such. The "litany of woes" presented explained why the July 1, 2005 discovery cutoff date was <u>inadvertently missed</u>, to establish that the delay was excusable. Excusable delay, not intentional or deliberate on the part of Plaintiff or her counsel, does not

warrant dismissal. <u>Hutchins v. A.G. Edwards & Sons, Inc.</u>, 116 F.3d 1256 (8th Cir. 1997).

5. And granting leave to reopen discovery will not prejudice defendant. <u>In re Eisen</u>, 31 F.3d 1447 (9th Cir. 1994). The decision to reopen discovery rests within the discretion of this Court. <u>Boardman v. National Enterprises</u>, 106 F.3d 840 (8th Cir. 1997). There has been action on this case since Defendant's answered in August, 2004. Motions to Dismiss and Sever have been litigated, and the status of the case was uncertain until May 31, 2005 when only Counts IV and V remained. It was then that the "litany of woes" was taking place for Plaintiff's counsel, causing the inadvertent missing of the discovery cutoff date.

6. Further, when the case was originally filed in October 2001, the answer was filed only shortly before the case was voluntarily dismissed. No discovery schedule was put in place then. Discovery could not have been conducted between the voluntary dismissal and the refilling, as no case was pending. Indeed even when Plaintiff has not engaged in discovery, the Court has found that dismissal was not appropriate. <u>Perington Wholesale, Inc. v. Burger King Corp.</u>, 631 F.2d 1369 (10th Cir. 1979).

7. Wherefore, Plaintiff requests leave to reopen discovery, for at least 120 days, and for this Court not to dismiss her Complaint.

    /s/ Jason R. Craddock  
Jason R. Craddock  
Attorney at Law  
Box 1514  
Sauk Village, IL 60412  
Phone: (708) 662-0945  
Fax: (708) 753-1242  

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 5th day of October, 2005, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon: Sarah K. Hackworth, Esq., Lashly & Baer, P.C., 714 Locust St., St. Louis, MO 63101, Attorneys for Defendant.

<u>/s/ Jason R. Craddock</u>

4