UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:03-CV-1727 CAS |
| ) | |
| PLANNED PARENTHOOD OF THE ) | |
| ST. LOUIS REGION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiff's motion for reconsideration of the Court's dismissal of Count IV of plaintiff's Amended Complaint. Defendants oppose the motion. Plaintiff filed no reply memorandum and the time to do so has passed. For the following reasons, plaintiff's motion will be denied.

**Discussion**.

The federal rules do not provide for a "motion for reconsideration." See Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1081 (8th Cir. 1993). The Eighth Circuit has given specific instructions with respect to filing motions challenging judgment rendered in bench trials, which includes the grant of summary judgment:

> 1. Aggrieved parties in bench trials should not file motions labeled "motion for reconsideration" in federal district court. The Federal Rules of Civil Procedure do not provide for such a motion. Instead, the motion should be properly designated under the rule authorizing the motion, such as Rule 52 or 59.
>
> 2. Such a postjudgment motion must be made within ten days to toll the time limitations for taking the appeal and to provide the trial court with jurisdiction to decide the motion.

Sanders v. Clemco Indus., 862 F.2d 161, 170 (8th Cir. 1988). Where a motion to reconsider is made in response to a final order, the Eighth Circuit has instructed district courts to construe it as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000).

Under Rule 59(e), plaintiff had ten days from the date the judgment was entered, September 21, 2005, to file a motion to alter or amend the judgment. See Rule 59(e), Fed. R. Civ. P. Plaintiff's motion is dated October 5, 2005, but it was filed on October 6, 2005, the eleventh day after the judgment was entered. As a result, the motion is untimely and this Court lacks jurisdiction to consider it. See Townsend v. Terminal Packaging Co., 853 F.2d 623, 624 (8th Cir. 1988).

The Court must consider whether plaintiff's motion for reconsideration should be construed as a Rule 60(b) motion. Before a court may treat a post-trial motion filed more than ten days after a final judgment as a Rule 60(b) motion, it must first determine that the motion on its face alleges grounds for relief available under Rule 60. Wilson v. Runyon, 981 F.2d 987, 989 (8th Cir. 1992) (per curiam), cert. denied, 508 U.S. 975 (1993). A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000).

Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly-discovered evidence which by due diligence could not have been discovered in time for a Rule 59(e) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or other misconduct of an adverse party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged, or an earlier judgment on which this judgment

is based has been reversed or vacated, or it is no longer equitable that the judgment have prospective application, Fed. R. Civ. P. 60(b)(5); and any other reason justifying relief from the operation of the judgment, Fed. R. Civ. P. 60(b)(6).

Plaintiff's motion for reconsideration does not allege grounds for relief under Rule 60(b) on its face. Rather, the motion reasserts arguments made by plaintiff in opposition to defendant's motion for summary judgment, which the Court has previously rejected. A Rule 60(b) motion is not for the purpose of rearguing more fully the merits of a claim. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Therefore, the Court will not construe plaintiff's motion for reconsideration as Rule 60(b) motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration, construed as a motion to alter or amend the judgment under Rule 59(e), is **DENIED** for lack of jurisdiction as untimely. [Doc. 47]

_(signature)_

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of October, 2005.

3